# Exhibit "A"

**COPY**

LAW OFFICES OF TODD M. FRIEDMAN, P.C.
Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
*Attorneys for Plaintiffs*

ENDORSED FILED
Clerk of the Superior Court
APR 1 4 2016
By_____J. WOOD
DEPUTY CLERK

4/27/16
5:11
BY FAX

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SOLANO
LIMITED JURISDICTION

TWONESHA JOHNSON-HENDRICKS,

Plaintiff,

vs.

SPEEDY CASH,

Defendant.

) Case No. **FCM149587**
)
) COMPLAINT FOR
)
) 1. Violation of Rosenthal Fair Debt
)    Collection Practices Act
) 2. Violation of Telephone Consumer
)    Protection Act
)
) (Amount not to exceed $10,000)
)
) JURY TRIAL DEMANDED
)

ASSIGNED TO
JUDGE Kays
FOR ALL PURPOSES

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter "RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims for

Complaint - 1

Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq.* (hereinafter "TCPA").

## II. PARTIES

2. Plaintiff, TWONESHA JOHNSON-HENDRICKS ("Plaintiff"), is a natural person residing in Solano County in the state of California and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

3. At all relevant times herein, Defendant, Speedy Cash ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal. Civ. Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due them, and therefore is a "debt collector" as defined by the RFDCPA, Cal. Civ. Code §1788.2(c). Further, Defendant uses an "automatic telephone dialing system" as defined by the TCPA, 47 U.S.C. §227.

## III. FACTUAL ALLEGATIONS

4. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted PLAINTIFF in an attempt to collect an alleged outstanding debt.

5. On or around May of 2015, Defendant began contacting Plaintiff concerning an alleged debt owed.

6. Defendant called Plaintiff on Plaintiff's cellular telephone number ending in -5828.

7. Defendant routinely called from telephone number (800) 856-2911.

///

///

8. Defendant placed a barrage of calls to Plaintiff. Defendant placed calls to Plaintiff with enough regularity and frequency to constitute harassment under the circumstances.

9. Defendant used an "automatic telephone dialing system," as defined by *47 U.S.C. § 227(a)(1)*, to place its repeated collection calls to Plaintiffs seeking to collect the debt allegedly owed.

10. Prior to being contacted via an "automatic telephone dialing system," Plaintiff had revoked any and all consent to be contacted via an "automatic telephone dialing system."

11. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

12. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls pursuant to *47 U.S.C. §227(b)(1)*.

13. On or around December 9, 2015, informed Defendant that Plaintiff had obtained counsel, and to cease calling.

14. Furthermore, on or around December 9, 2015, Plaintiff revoked any and all consent to be contacted via an "automated telephone dialing system."

15. §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5).

16. Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

Complaint - 3

a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§ 1692d))

b) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§ 1692d(5));

c) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal. Civ. Code § 1788.11(d));

d) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal. Civ. Code § 1788.11(e)) and

e) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§ 1692c(a)(1)).

17. Defendant's conduct violated the TCPA by:

a) using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

18. As a result of the above violations of the RFDCPA and TCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff reincorporates by reference all of the preceding paragraphs.

20. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A. Actual damages;
    B. Statutory damages for willful and negligent violations;
    C. Costs and reasonable attorney's fees;
    D. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT

21. Plaintiff incorporates by reference all of the preceding paragraphs.

22. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

23. As a result of Defendant's negligent violations of *47 U.S.C. §227 et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

24. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

25. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

26. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*;
B. As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)* and
C. Any and all other relief that the Court deems just and proper.

## **PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 13th day of April, 2016.

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff